UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUKENS MARTELUS,

        Plaintiff,

v.                                            Case No. 3:23-cv-592-BJD-PDB

E. PEREZ-LUGO, M.D., and
STEPHEN SCIBELLI, M.D.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Lukens Martelus, an inmate of the Florida penal system, initiated this action *pro se* by filing a complaint for the violation of civil rights, which was mailed from Columbia Correctional Institution (CCI) on May 12, 2023 (Doc. 1; Compl.).[1] Plaintiff names two Defendants: Dr. E. Perez-Lugo, who was a physician at CCI at the relevant times; and Dr. Stephen Scibelli, a surgeon at a hospital in Jacksonville, Florida. Compl. at 1-2. Plaintiff alleges he has been in "excruciating pain" since a "botch[ed] surgery" he had to correct a chronic back condition, and both Defendants have failed to ensure the results

---

[1] Plaintiff has not paid the filing fee or moved to proceed *in forma pauperis* (IFP). Through a motion, he asks the Court to direct the United States Marshals Service to serve the complaint on his behalf for a fee (Doc. 3).

of a July 2022 (post-surgery) CT scan were sent to or received by Dr. Scibelli's office, so Dr. Scibelli could provide appropriate follow-up treatment. *Id.* at 4-5. According to Plaintiff, Dr. Scibelli canceled or rescheduled multiple appointments between July and November 2022, telling Plaintiff he (the doctor) "cannot treat [Plaintiff] without the results of the CT scans." *Id.* at 5.

Plaintiff has asserted similar allegations in this Court before. *See* Case No. 3:22-cv-874-BJD-JBT. On March 28, 2023, the Court dismissed Plaintiff's prior complaint, finding Plaintiff failed to state a plausible claim for relief against the named Defendants, which included Dr. Perez-Lugo (but not Dr. Scibelli). *See* Order (Doc. 20; March Dismissal Order), Case No. 3:22-cv-874-BJD-JBT. Unlike in his prior complaint, in this complaint, Plaintiff expressly blames Drs. Perez-Lugo and Scibelli for a delay in medical treatment: he contends Dr. Perez-Lugo failed to transmit the CT results to Dr. Scibelli's office; and he contends Dr. Scibelli failed to "call[] Dr. Perez-Lugo [to make] sure Dr. Perez-Lugo sent the CT scans in time for [his] appointments." *See* Compl. at 5.

With his complaint, Plaintiff provides an exhibit that he titles, "Complaint for Violation of Civil Rights" (Doc. 1-1; Pl. Ex.). The section labeled, "Statement of the Facts," *see* Pl. Ex. at 2-6, is a nearly-verbatim copy of the introductory material and factual recitation from the Court's dismissal Order

2

in Case No. 3:22-cv-874-BJD-JBT, *see* March Dismissal Order at 1-2, 3-7. In the remainder of the exhibit, Plaintiff essentially repeats the allegations in his complaint, emphasizing that he needlessly suffered in pain between July and November 2022, while waiting for the CT results to be transmitted to Dr. Scibelli. *See* Pl. Ex. at 7-11.

Regardless of whether a prisoner is proceeding IFP, the Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all

3

the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a plaintiff first must allege he had a serious medical need. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Next, the plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Finally, the plaintiff must allege facts showing a causal connection between the defendant's conduct and his resulting injuries. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

"A core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care . . . or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness."

*McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999). However, "[a] prisoner bringing a deliberate-indifference claim has a steep hill to climb." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). To sufficiently plead the second element (deliberate indifference), a plaintiff must do more than allege the care he received was "subpar or different from what [he] want[ed]." *Id.* Rather, "a plaintiff must [allege] that the defendant (1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) acted with more than *gross* negligence." *Wade v. McDade*, 67 F.4th 1363, 1374 (11th Cir. 2023) (emphasis in original).

The Eleventh Circuit recently has "been at pains to emphasize" that deliberate indifference is much more stringent a standard than negligence or malpractice: it "is *not* a constitutionalized version of common-law negligence." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (emphasis in original) (quoting *Swain v. Junior*, 961 F.3d 1276, 1287-88 (11th Cir. 2020)). The Eighth Amendment does not mandate that the medical care prisoners receive be "perfect, the best obtainable, or even very good." *Id.* (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1510 (11th Cir. 1991)). As such, a general complaint that prison medical providers "could be doing more, doing better" does not satisfy the stringent deliberate indifference standard. *Id.* Even a decision by a medical provider that can be classified as "more than *merely*

5

negligent . . . . does not rise to the level of a constitutional violation." *Wade*, 67 F.4th at 1375 (emphasis in original) (concluding a nurse's decision to wait for an inmate's already-ordered epilepsy medication to arrive rather than to retrieve some from the supply closet, while "regrettable," was not more than grossly negligent). *See also Estelle*, 429 U.S. at 106, 107 (holding a prisoner failed to state a plausible claim where he alleged that more should have been done to diagnose his back injury and treat his pain).

When a plaintiff has received some treatment, to plead a deliberate-indifference claim, he must allege facts showing the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris*, 941 F.2d at 1505 (quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Stated another way, "[d]eliberate indifference is not about 'inadvertence or error in good faith,' but rather about 'obduracy and wantonness'—a deliberate refusal to provide aid despite knowledge of a substantial risk of serious harm." *Stone v. Hendry*, 785 F. App'x 763, 769 (11th Cir. 2019)[2] (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

---

[2] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

6

Plaintiff fails to state a plausible deliberate indifference claim against Drs. Perez-Lugo and Scibelli. Accepting as true that both Drs. Perez-Lugo and Scibelli knew that Plaintiff was in pain and somehow contributed to a delay in Plaintiff's follow-up treatment because the CT results were not sent to or received by Dr. Scibelli's office for at least four months after the scan occurred, such conduct constitutes negligence. Plaintiff's allegation that Defendants could have done more to ensure the speedy transmission of his scans so his follow-up appointment could have been scheduled more quickly—a complaint common among patients *outside* the prison context—does not satisfy the stringent deliberate indifference standard. Plaintiff's prisoner status does not entitle him to receive "perfect, the best obtainable, or even very good [medical care]." *See Hoffer*, 973 F.3d at 1271.

Because Plaintiff fails to state a plausible deliberate indifference claim against either Defendant, his complaint is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of September 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Lukens Martelus